Jay W. Beattie, Esq.
jbeattie@lindsayhart.com

LINDSAY HART, LLP
1300 SW 5th Avenue, Suite 3400
Portland, Oregon 97201-5640
503-226-7677
503-226-7697

Timm W. Schowalter, #45831MO
tschowalter@sandbergphoenix.com

Narcisa P. Symank, #59755MO
nsymank@sandbergphoenix.com
SANDBERG PHOENIX & von
GONTARD P.C.
600 Washington Avenue - 15th Floor
St. Louis, MO 63101-1313
314-231-3332
314-241-7604 (Fax)
*Pro Hac Vice*

*Attorneys for Plaintiff Numotion*

UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| *ASSISTIVE TECHNOLOGY GROUP-CONNECTICUT, INC. d/b/a NUMOTION* <br><br> Plaintiff, <br><br> v. <br><br> DEREK KRUSE, an Individual <br><br> And <br><br> DAVID KRUSE, an Individual <br><br> Defendants. | Case No. 3:13-cv-02096-BR <br><br> **CONSENT PERMANENT INJUNCTION** |

## CONSENT PERMANENT INJUNCTION

This matter is before the Court upon Plaintiff Assisted Technology Group-Connecticut Inc. d/b/a Numotion's ("Numotion") Complaint against Defendants Derek Kruse, David Kruse, and Bellevue Healthcare, Inc. (collectively, "Defendants"). In its Complaint, Numotion seeks injunctive and monetary relief against Defendants for all of the following: (1) breach of

contract against Defendant Derek Kruse; violation of the Oregon Uniform Trade Secrets Act, ORS Sections 646.461 *et seq.* against both Defendants; (3) breach of fiduciary duty and duty of loyalty against Defendant Derek Kruse; (4) tortious interference with economic relations against all Defendants; (5) civil conspiracy against all Defendants; (6) constructive trust against all Defendants; (7) injunctive relief against all Defendants; (8) replevin against both Defendants Derek and David Kruse; (9) conversion against both Defendants Derek and David Kruse; and (10) unjust enrichment against all Defendants.

Numotion is engaged throughout the United States in providing products and services in the motorized wheelchair and mobility systems industry. As part of its business, Numotion maintains confidential and proprietary business information and Trade Secrets including, but not limited to, customer or referral source information, business preferences and key contacts at customers and referral sources, financial statements or reports, marketing and business plans, marketing and bidding information, pricing structure and quotation techniques and methods, operating procedures and manuals, computer software, accounting information, billing information; and patient or customer information including patient identifying information, patient notes, and patient treatment plans (collectively hereinafter "Protected Information").

Numotion's information is not publicly available, nor may this information be compiled or created by Numotion's competitors without a significant investment of time and money. Because this information provides a valuable source of existing and new business, and forms the basis of Numotion's business model, it provides Numotion with a competitive advantage. Misappropriation of Protected Information would provide a significant economic benefit to Numotion's competitors. The possession of such information by Numotion's competitors would

2

LINDSAY HART, LLP
1300 SW 5th Avenue, Suite 3400
SANDBERG PHOENIX & von  503-226-7677

Narcisa P. Symank, #59755MO
nsymank@sandbergphoenix.com
GONTARD P.C.
503-226-7697

therefore give these competitors an unfair economic advantage in developing, marketing and distributing their products and services.

Defendants have denied any breaches of their agreements. To avoid further expense, they have conferred with counsel and consent to this Order, whereupon:

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendant Derek Kruse and all persons and legal entities acting in concert or participation with him, be, and hereby is enjoined and restrained from engaging in the actions set forth in paragraphs (a)-(e) below as follows:

(a) For a period commencing this date until May 30, 2014, Defendant Derek Kruse (and all persons acting in concert or participation with him [which shall not be interpreted to limit the actions of Defendant David Kruse] shall not on behalf of Defendants or any third party directly or indirectly solicit or induce any customer, business, business partner, licensee or client of Numotion, payors and consumers that Derek Kruse learned of, developed, or serviced while employed by Numotion.

(b) For a period through and including May 30, 2014, Defendant Derek Kruse shall not directly or indirectly compete with the business of Numotion in the State of Oregon, counties of Clackamas, Multnomah, Washington, Columbia, Hood River, Marion and Linn and in the State of Washington, counties of Cowlitz, Clark, Skamania and Klickitat.

(c) For a period through and including May 30, 2014, Derek Kruse shall work for Bellevue from either his home office or Bellevue's offices located outside of the designated counties set forth in Paragraph (b). Provided, however, that Derek Kruse fully honors the terms contained herein he may receive, assemble, repair, modify and perform technical work on equipment at Bellevue's office located in Portland, OR, but only on equipment for Bellevue's clients and referral sources located outside of the designated counties.

(d) For a period through and including May 30, 2014, Defendant Derek Kruse shall not, directly or indirectly, solicit or induce any employee or independent contractor of Numotion to terminate his or her relationship with Numotion.

(e) For a period through and including May 30, 2014, Defendant Derek Kruse and all persons acting in concert or in participation with him shall not directly or indirectly misappropriate, use, or disclose for the benefit of Defendants or any other third party, Protected Information. Protected Information shall mean trade secrets and

3

LINDSAY HART, LLP
1300 SW 5th Avenue, Suite 3400
SANDBERG PHOENIX & von 503-226-7677

Narcisa P. Symank, #59755MO
nsymank@sandbergphoenix.com
GONTARD P.C.
503-226-7697

confidential proprietary business information of Numotion.

(f) For a period through and including May 30, 2014, Defendant Derek Kruse shall not make any statement or commit any act that is intended or reasonably likely to disparage or defame Numotion, its business, or its products or to undermine, interfere with or otherwise disrupt the business operations of Numotion.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendant David Kruse and all persons and legal entities acting in concert or participation with him, be, and hereby is enjoined and restrained from engaging in the actions set forth in paragraphs (a) and (b) below as follows:

(a). For a period through and including May 30, 2014, Defendant David Kruse shall not make any statement or commit any act that is intended or reasonably likely to disparage or defame Numotion, its business, or its products.

(b). For a period through and including May 30, 2014, Defendant David Kruse and all persons acting in concert or in participation with him shall not directly or indirectly misappropriate, use, or disclose for the benefit of Defendants or any other third party, Protected Information. Protected Information shall mean trade secrets and confidential proprietary business information of Numotion.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that Defendant Bellevue Healthcare, Inc. and all persons and legal entities acting in concert or participation with it, be, and hereby is enjoined and restrained from engaging in the actions set forth in paragraphs (a) and (c) below as follows:

(a) For a period through and including May 30, 2014, shall not induce Defendant David Kruse and Defendant Derek Kruse from breaching their agreements with Numotion.

(b) For a period through and including May 30, 2014, shall take all necessary measures to ensure that Defendants David Kruse and Defendant Derek Kruse will not use or disclose any of Numotion's Protected Information and shall fully comply with HIPAA.

(c) For a period through and including May 30, 2014, other than the technical work on equipment for its customers located outside of the below identified counties, shall not employ, direct, or allow Defendant Derek Kruse to provide any services on behalf of

4

LINDSAY HART, LLP
1300 SW 5th Avenue, Suite 3400
SANDBERG PHOENIX & von   503-226-7677

Narcisa P. Symank, #59755MO
nsymank@sandbergphoenix.com
GONTARD P.C.
503-226-7697

Defendant Bellevue Healthcare, Inc. in the State of Oregon, counties of Clackamas, Multnomah, Washington, Columbia, Hood River, Marion and Linn and in the State of Washington, counties of Cowlitz, Clark, Skamania and Klickitat.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** up and through May 30, 2014, Defendants will verify to Plaintiff, via notarized affidavit, every month that each has fully complied fully with his or its obligations of this Order.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Numotion is discharged of all obligations to file an injunction bond. Each party shall bear its own costs and attorneys' fees.

Dated December 13, 2013 at 9:40 o'clock a.m.

SO ORDERED:

_____
Honorable Anna J. Brown
United States District Court of Oregon- Portland Division

BY CONSENT:

_____
Derek Kruse

_____
David Kruse

BELLEVUE HEALTHCARE, INC.

By: _____ Rick Norman

Title: President

5

LINDSAY HART, LLP
1300 SW 5th Avenue, Suite 3400
SANDBERG PHOENIX & von   503-226-7677

Narcisa P. Symank, #59755MO
nsymank@sandbergphoenix.com
GONTARD P.C.
503-226-7697

ASSISTIVE TECHNOLOGY GROUP, INC.
d/b/a NUMOTION

By: _____ VALERIE EASTWOOD

Title: GENERAL COUNSEL/SECRETARY

Respectfully submitted,

LINDSAY HART, LLP

By: /s/    Jay W. Beattie
    Jay W. Beattie
    1300 SW 5th Avenue, Suite 3400
    Portland, Oregon 97201-5640
    503-226-7677
    503-226-7697
    jbeattie@lindsayhart.com

SANDBERG PHOENIX & von GONTARD P.C.

By: /s/    Timm W. Schowalter
    Timm W. Schowalter, #45831MO
    600 Washington Avenue - 15th Floor
    St. Louis, MO  63101-1313
    314-231-3332
    314-241-7604 (Fax)
    tschowalter@sandbergphoenix.com
    nsymank@sandbergphoenix.com

*Attorneys for Plaintiff Numotion*